# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ROBERT SANDRELLI, ADC #155909,

    Petitioner,

v.

No. 5:17cv00163-JLH-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. INTRODUCTION

Robert Sandrelli has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging violations of his constitutional rights arising from his rape conviction in Sebastian County Circuit Court. (Doc. No. 1.) The State has responded. (Doc. No. 5.) After carefully reviewing Petitioner's claims, I find each claim is either adequately addressed by the State courts or procedurally defaulted. Accordingly, I recommend the Petition be DISMISSED.

## II. PROCEDURAL HISTORY

The Petitioner is serving an aggregate 140-year sentence after a Sebastian County jury convicted him of four counts of rape in violation of Arkansas Code Annotated § 5-14-103. (Doc. No. 1 at 1.) He was tried once before, but that trial ended in a mistrial because of a "hung jury." (*Id*. at 6.)

He timely appealed his convictions on the grounds of insufficient evidence. The Arkansas Court of Appeals affirmed his convictions. *Sandrelli v. State*, 2015 Ark. App. 127. Thereafter, with the assistance of private counsel, he filed a timely petition under Arkansas Rule of Criminal

Procedure 37 (Doc. No. 5-7 at 16-22) asserting three areas in which his trial counsel was ineffective. He claimed ineffective assistance of counsel because: (a) his court-appointed lawyer, Ray Spruell, the Managing Public Defender for the 12th Judicial District of Arkansas, had resigned his position, Petitioner's trial was the last assignment he had in that capacity, and "professional and emotional stress" kept the attorney from exercising sound professional judgment in Petitioner's case and the attorney simply wanted to get the case behind him as the last trial he had; (b) his attorney called no witnesses in the second trial, despite having called many witnesses, including Petitioner, in his defense at the first trial, and despite having a hung jury in the first trial with a defense; and (c) his attorney unilaterally decided not to have the Petitioner testify, despite Petitioner's stated desire to rebut the prosecution's case personally, and tell his side of the story to the jury. (*Id.* at 17-18.) The Sebastian County Circuit Court initially denied Mr. Sandrelli's Rule 37 petition without a hearing. (Doc. No. 5-8 at 176-178.) Petitioner appealed, and the Arkansas Supreme Court affirmed the trial court's ruling on one of Mr. Sandrelli's points (stress of counsel) but remanded for a hearing on the issues of whether his trial attorney was ineffective for failure to call witnesses in defense and for deciding unilaterally, as Mr. Sandrelli alleged, not to put Petitioner on the stand. *Sandrelli v. State*, 2016 Ark. 103.

In accordance with the Arkansas Supreme Court's opinion and mandate, the circuit court held a hearing on April 20, 2016. (Doc. No. 5-14 at 78-161.) By order dated May 23, 2016, the trial court again denied Petitioner relief. (*Id.* at 58-62.) Mr. Sandrelli once again appealed, and on the second appeal, the Arkansas Supreme Court affirmed the trial court in all respects. *Sandrelli v. State*, 2017 Ark. 156.

### III. FACTS

In addressing Mr. Sandrelli's argument that there was insufficient evidence to support his

conviction, the Arkansas Court of Appeals recited the evidence in the case as follows:

> G.H. is the fourteen-year-old son of Sandrelli. On his tenth birthday, G.H. was sexually abused by Sandrelli for the first time. Sandrelli continued to sexually abuse G.H. almost weekly thereafter. G.H. described the sexual abuse as acts of oral sex, where Sandrelli would perform oral sex on G.H. and force G.H. to perform oral sex on Sandrelli. G.H. also testified that Sandrelli attempted to rape him anally. In addition to the acts of rape, Sandrelli would physically abuse G.H. G.H. reported that Sandrelli was a heavy drinker and that drinking beer was a contributing factor to both the physical and sexual abuse.
>
> On October 6, 2012, G.H. left Sandrelli's home due to physical abuse from Sandrelli. He went to a neighbor's home and made contact with his sister. He reported to his sister, for the first time, that his father, Robert Sandrelli, was physically and sexually abusing him. She convinced him to contact the police, which he did. Law enforcement investigation of these allegations included interviews, a physical examination of G.H., a search of Sandrelli's home, and submissions to the crime lab. The physical examination of G.H. showed no tangible signs of sexual abuse, and no DNA evidence for Sandrelli was found on items submitted to the crime lab. However, G.H. did have signs of physical abuse on his body, and the search of the home did reveal that there was no food in the refrigerator, only beer.

*Sandrelli v. State*, 2015 Ark. App. 127, 2. The unanimous panel of the Court of Appeals held that a victim's testimony need not be corroborated, and scientific evidence is not required, to sustain a conviction for rape. *Id.* at 3 (citing *Kelley v. State*, 375 Ark. 483 (2009)).

### III. ANALYSIS

Mr. Sandrelli, as mentioned above, had two jury trials in this case. The first ended in a hung jury. (Doc. No. 5-2 at 67.) At his first trial, his lawyer put on five character witnesses and Petitioner during the defense case-in-chief. *Sandrelli v. State,* 2016 Ark. 103, 1. In his retrial, the defense rested on Mr. Sandrelli's presumption of innocence. (*Id.*) In addressing the first appeal of the Sebastian County Circuit Court's summary dismissal of Petitioner's Rule 37 petition, the Arkansas Supreme Court said:

> We agree with the circuit court that the first allegation regarding defense counsel's stress level was conclusory; therefore, this claim cannot form the basis for postconviction relief. Sandrelli never alleged how his counsel's stress level led to

4

specific instances of deficient conduct. Nor has he alleged how his counsel's stress level could have altered the outcome of his trial. The record conclusively shows that Sandrelli is entitled to no relief on this basis, and the circuit court's decision to dismiss this part of the petition without a hearing was not clearly erroneous.

The same is not true for Sandrelli's second and third claims for relief. The circuit court held that defense counsel's failure to call any witnesses, including Sandrelli, was not deficient performance because the decision to call witnesses is a matter of trial strategy. For support, the court noted Sandrelli's presence during voir dire when his counsel announced he did not anticipate calling any witnesses. Because of this, the court concluded that Sandrelli and his counsel must have agreed, pretrial, that no witnesses would be called. This finding is clearly erroneous because there were no facts before the court to support it, the decision to call a witness is a matter of trial strategy. *See Stiggers v. State*, 2014 Ark. 184, 433 S.W.3d 252. Still, such strategic decisions must be supported by reasonable professional judgment. *Id.* Based on the record in this case, the court had no way of knowing whether counsel's decisions were based on his reasonable judgement without a hearing.

In addition, the record fails to conclusively show that counsel's failure to call additional witnesses resulted in no prejudice. The circuit court addressed this point by stating that counsel's failure to call character witnesses did not create a reasonable probability of a different outcome. But this ruling contradicts the facts of this case, which are unusual because a "control" case already exists. In Sandrelli's first trial, the jury failed to reach a verdict; in the second trial, the jury convicted. In the first trial, the defense offered a robust case, with five character witnesses and the defendant's own testimony; but in the second trial, the defense offered no case at all. Thus, Sandrelli has a colorable claim that he was prejudiced because in the first trial there was, in fact, a different outcome.

Again, this appeal presents an unusual case because the first jury trial resulted in a hung jury. Despite this outcome, Sandrelli's counsel called no witnesses in the second trial. This decision must be supported by reasonable professional judgment. The record and files do not conclusively show that it was.

*Sandrelli v. State*, 2016 Ark. 103, 3-5.

When the second appeal of the Sebastian County Circuit Court's denial of Rule 37 relief made its way to the Arkansas Supreme Court, the court made the following analysis of counsel's performance:

Under the two-prong standard from *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a petitioner seeking postconviction relief must show that his counsel's performance was deficient and that the deficient performance resulted in prejudice. *See Feuget v. State*, 2015 Ark. 43, 454 S.W.3d 734. Under this standard, the petitioner must first show that counsel's performance

5

was deficient. *Id.* This requires a showing that counsel made errors so serious that counsel deprived the petitioner of the counsel guaranteed to the petitioner by the Sixth Amendment. *Id.* Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial whose outcome cannot be relied on as just. *Id.* Both showings are necessary before it can be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* There is no reason for a court deciding an ineffective-assistance claim to address both components of the inquiry if the defendant makes an insufficient showing on one. *Fukunaga v. State*, 2016 Ark. 164, 489 S.W.3d 644. As we discuss below, counsel's performance was not deficient, so we decline to address whether Sandrelli suffered prejudice.

"There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and the petitioner has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment." *Feuget*, 2015 Ark. 43, at 4, 454 S.W.3d at 738. "Matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for a finding of ineffective assistance of counsel." *Noel v. State*, 342 Ark. 35, 41-42, 26 S.W.3d 123, 127 (2000).

Sandrelli's argument on appeal takes issue with the circuit court's performance as a fact-finder. For example, he argues that the circuit court "focuses on the points that would support the trial counsel and ignores the facts that would support the appellant." He highlights testimony from Woodrow Star, who testified that he never told Spruell that he had reservations about testifying in the second trial. Sandrelli notes that Star's testimony contradicted Spruell's testimony. However, as we have repeatedly held, it is axiomatic that credibility determinations are within the province of the trial court. *Williams v. State*, 2011 Ark. 489, 385 S.W.3d 228. When there is a conflict of testimony, it is the trial court's job to resolve it. *Atchison v. State*, 298 Ark. 344, 767 S.W.2d 312 (1989). The circuit court credited trial counsel's testimony and concluded that the decision to call no character witnesses was based on reasonable professional judgment. This ruling was not clearly erroneous.

We also affirm on the second point. Sandrelli argues that the court erred when it "did not address the fact brought forth on the failure to Spruell to get on the record the decision of appellant to not testify." We have held in an earlier case that the failure to make a record on the waiver of the right to testify does not constitute ineffective assistance of counsel. *Williams*, 2011 Ark. 489, at 14, 385 S.W.3d at 237. In any event, the court credited Spruell's testimony that Sandrelli agreed not to testify and found Sandrelli's contrary testimony unbelievable. Spruell explained that in the first trial the State did not play the video interviews with Sandrelli;

however, in the second trial, the State did introduce the video. Spruell was concerned by Sandrelli's demeanor in the video as well as the video interview depicting Sandrelli giving different answers than he gave on cross-examination in the first trial. Spruell stated that he explained these facts to Sandrelli and that Sandrelli agreed that he should not testify. The circuit court did not clearly err when it found that Spruell's advice to not testify was based on reasonable professional judgment.

*Sandrelli v. State*, 2017 Ark. 156, 4-6.

Mr. Sandrelli's ineffective assistance of counsel claim and the alleged unilateral decision of his counsel not to call him to the witness stand claim were thus addressed, thoroughly, by the Arkansas courts. When examining a habeas claim in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 (d)(4), federal courts take a deferential view of decisions reached on issues fully adjudicated in state courts. As the United States Court of Appeals for the Eighth Circuit has held:

> Under AEDPA, habeas relief will not be granted with respect to any claim adjudicated on the merits in State Court proceedings, unless such adjudication resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "AEDPA's highly deferential standards kick in" where the prisoner's claim has been adjudicated on the merits in state court. *Davis v. Ayala*, 135 S. Ct. 2187, 2198, 192 L. Ed. 2d 323 (2015) (citing *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)). Where a state court holds that any federal error was harmless beyond a reasonable doubt, the decision constitutes an adjudication on the merits. *Id*. If a prisoner's constitutional rights were violated as a result of the state court's decision, the prisoner must also demonstrate that the error was prejudicial, as federal courts may not grant habeas relief unless the error in the state trial had a "substantial and injurious effect or influence in determining the jury's verdict." *Fry v. Pliler*, 551 U.S. 112, 116, 127 S. Ct. 2321, 168 L. Ed. 2d 16 (2007) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 631, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)).

*Davis v. Grandlienard,* 828 F.3d 658, 664 (8th Cir. 2016).

For purposes of 28 U.S.C. § 2254(d)(1), "[a] state court decision is 'contrary to' clearly

7

established federal law if it either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially distinguishable facts.'" *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011). Additionally, "[a] state court 'unreasonably applies' Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). This record supports the conclusion that the Arkansas courts' decision was neither clearly contrary to, nor an unreasonable application of, federal law.

With respect to the ineffective assistance claims, the trial court and the Arkansas Supreme Court correctly identified *Strickland v. Washington* and its progeny is the federal legal standard in such cases, and further correctly identified and analyzed the *Strickland* two-prong test. In its first opinion addressing Mr. Sandrelli's ineffective assistance claims, the Arkansas Supreme Court thoughtfully addressed the key issues in light of the *Strickland* test, and determined that given the hung jury with a robust defense in the first trial, and convictions with no defense case in the second trial, a hearing was in order to determine why the lawyer made the decisions he did in the second trial. *Sandrelli v. State*, 2016 Ark. 103, 3-5. When the trial court held that hearing and determined the facts supported Mr. Spruell's professional decision not to present testimony in the retrial, the Arkansas Supreme Court agreed, again applying the *Strickland* test. *Sandrelli v. State*, 2017 Ark. 156, 4-6. The Supreme Court applied the same analysis to Petitioner's claim that his lawyer decided unilaterally that Mr. Sandrelli would not testify in the retrial and reached the same conclusion. *Id.*

Mr. Sandrelli's claim largely turns on the credibility assessment by the trial court during

the Rule 37 hearing. On the question of whether or not to call witnesses at all, Woodrow Star testified that he and Mr. Spruell had no conversations between the first and second trials about his reluctance to testify as a character witness on Petitioner's behalf; Mr. Spruell testified that they did indeed have such a conversation. Similarly, Mr. Spruell testified that he consulted with Mr. Sandrelli about Sandrelli's potential testimony at the second trial, and Mr. Sandrelli agreed with Spruell that he would not testify. Mr. Sandrelli testified at the Rule 37 hearing that they had no such conversation. The trial court believed Mr. Spruell in each instance, and in each instance, the Arkansas Supreme Court deferred to the trial court's credibility findings. As a matter of federal law, this Court is required to apply a deferential analysis to those claims fully adjudicated in state courts, as is the case here. *Davis,* 828 F.3d, at 664. Giving due deference to the state courts' findings of fact - *i.e.*, there was a reasonable professional basis for Mr. Spruell to not call witnesses at the retrial and Mr. Spruell and Petitioner had an agreement that Mr. Sandrelli would not take the stand in his own defense - there can be no relief for the Petitioner on these claims. I recommend these claims be DISMISSED.

Finally, for the first time, Mr. Sandrelli claims his direct appeal counsel was constitutionally ineffective for only asserting one ground - insufficiency of the evidence - on direct appeal. (Doc. No. 1 at 10-11.) In support of this claim, Petitioner states his appellate counsel should have raised on direct appeal that his lawyer (Mr. Spruell) had an obvious conflict of interest; Mr. Spruell did not prepare adequately for trial; and the trial court abused its discretion in allowing a photograph of Petitioner in his jail uniform to be admitted into evidence, displayed on a large screen in front of the jury, and then commenting "in code" to the prosecutor "don't leave that [jail photo] up there all day," or words to that effect. These claims and arguments were not raised with

9

state courts and are subject to procedural default.

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). The fair-presentment requirement exists so that the respective state has the "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights. *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy, 'for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation' " (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981). When an inmate fails to comply with the fair-presentment requirement, his or her claims will be procedurally defaulted. *Murphy*, 652 F.3d at 849.

If it would be futile for a petitioner to return to the state courts to present his or her claim, the exhaustion requirement in § 2254(b) is satisfied, "but th[is] failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

After carefully reviewing the record, I conclude that Mr. Sandrelli's claims relating to the alleged deficient performance of his appellate counsel are procedurally defaulted. He did not raise these claims with the Arkansas courts, and he has offered no cause as to why he did not. Mr.

10

Sandrelli's issues with the performance of his appellate counsel were known to him or could have been known with the exercise of reasonable diligence by the time – at the latest – he filed his Rule 37 petition. In fact, Mr. Sandrelli had eleven months between the filing of his Rule 37 petition with the state court (Doc. No. 5-7 at 17) on May 11, 2015 and the hearing on that petition on April 20, 2016 (Doc. No. 5-14, at 78-161) to bring this claim to the attention of the Arkansas courts. Pursuant to 28 U.S.C. § 2254(e)(2)(ii), this Court is bound to consider the instant Petition in the light of the evidence the state courts had before them, unless the factual predicate could not have been developed with reasonable diligence by Petitioner in state courts. *McGhee v. Norris*, 588 F.3d 1185, at 1194 (8th Cir. 2009) (citing *Holland v. Jackson,* 542 U.S. 649, at 652 (2004)). Mr. Sandrelli offers no reason why the particulars of the alleged deficient performance of his appellate counsel - which by necessity would have culminated in the Arkansas Court of Appeals opinion issued on February 25, 2015 - could not have been raised by the time of his Rule 37 hearing in April 2016. I find that the claim of constitutionally ineffective assistance of appellate counsel was known or could have been known to the Petitioner by the exercise of reasonable diligence, and this Court therefore should not consider that specific claim.

Finally, I have considered whether Mr. Sandrelli has cause for his procedural default pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). On this point, the Eighth Circuit Court of Appeals has said:

> Most circuits to address the point have declined to extend *Martinez* to claims alleging ineffective appellate counsel, and we agree. *Martinez* focused on a "claim of ineffective assistance at trial," 132 S.Ct. at 1315, emphasizing that the Sixth Amendment right to trial counsel "is a bedrock principle in our justice system" and "the foundation for our adversary system." *Id*. at 1317; see also *Trevino*, 133 S.Ct. at 1921. The right to appellate counsel has a different origin in the Due Process Clause, *see Evitts v. Luc*ey, 469 U.S. 387, 396-97, 105 S. Ct. 830, 83 L.Ed.2d 821 (1985), and even "the right of appeal itself is of relatively recent origin," *Martinez*

> *v. Ct. of App. of Calif.*, 528 U.S. 152, 159-60, 120 S. Ct. 684, 145 L.Ed.2d 597 (2000), so a claim for equitable relief in that context is less compelling. Most important, in announcing the equitable exception in *Martinez* for claims of ineffective assistance of counsel at trial, the Court was clear that the "rule of *Coleman*" – that ineffective assistance of counsel during state postconviction proceedings cannot serve as cause to excuse procedural default – "governs in all but the limited circumstances recognized here." 132 S. Ct. at 1320. Those limited circumstances involved a claim that trial counsel was constitutionally ineffective. We therefore decline to extend *Martinez* to claims alleging ineffective assistance of counsel on direct appeal. *Accord Reed v. Stephens*, 739 F.3d 753, 778 n. 16 (5th Cir. 2014); *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013); *Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012). *But see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1293-94 (9th Cir. 2013).

Dansby v. Hobbs, 766 F.3d 809, 833 (8th Cir. 2014).

Even if *Martinez* applied, this Court would perform a merits review of the defaulted claims if: (1) the claim of ineffective assistance was substantial, (2) the "cause" was that Mr. Sandrelli had no counsel in the post-conviction proceeding, (3) the Rule 37 proceeding was the initial review proceeding with respect to the ineffective assistance of counsel claim, and (4) it was highly unlikely Mr. Sandrelli had a "meaningful opportunity" to raise his ineffective assistance claims on direct appeal. *Trevino v. Thaler*, 569 U.S. __, 133 S. Ct. 1911 (2013). Given the facts in this case and the claims raised, under *Martinez* and *Trevino*, I conclude, under the first prong of this analysis, none of Mr. Sandrelli's defaulted claims rises to the level of "substantial." Furthermore, Mr. Sandrelli did have assistance of counsel with his Rule 37 petition and the appeals from the adverse trial court rulings in considering that petition. Finally, as discussed above, Mr. Sandrelli had ample opportunity to raise his procedurally defaulted claim with the Arkansas courts and simply failed to do so. Because I find no avenue of relief for the Petitioner under *Martinez*, his procedurally barred claim should be DISMISSED.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the Petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, one of two criteria apply to each of Mr. Sandrelli's claims. His claim that his trial lawyer was ineffective was adequately addressed by the state courts, as was his claim that his lawyer unilaterally decided to keep him off the stand in his retrial. His claim that his appellate attorney was ineffective is clearly procedurally defaulted. Therefore, no certificate of appealability should be issued.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Sandrelli's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice.

2. A certificate of appealability should not be issued.

DATED this 17th day of August, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE